JOHN CATHCART, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILWAY CO., Appellants.

Kansas City Court of Appeals, October 26, 1885.

1. RAILROAD COMPANIES—STATUTE REQUIRING RINGING OF BELL, ETC., AT PUBLIC CROSSINGS CONSTRUED.—The statute requiring that a rail-

road company, on approaching the crossing of a public road with its cars, locomotives, etc., shall at the distance of eighty rods from such crossing, ring the bell on the engine, etc., *or* to sound the whistle at such distance, etc., does not require the company *to do both*. The doing of *either* of these acts meets the requirements of the statute.

2. —— EVIDENCE—NEGATIVE MUST BE SUPPLEMENTED TO BE OF PROBATIVE FORCE.—The fact that a witness does not observe an object or a sound, does not disprove its existence, without more. Such evidence, to be of any value or probative force, should be supplemented by the fact that the attention of the witness was directed to the object, or that from his position, habits of attention and observation, or the surroundings, a reasonable presumption would arise that the witness would have seen or heard.

3. PRACTICE—INSTRUCTIONS.—Instructions must not assume controverted facts, but must submit the issues in explicit terms.

APPEAL from Caldwell Circuit Court, HON. JAMES M. DAVIS, Judge.

*Reversed and remanded.*

The facts are stated in the opinion.

THOMAS E. TURNER and STRONG & MOSMAN, for the appellant.

I. Defendant's demurrer to the evidence should have been sustained. There was no proof that the animal was struck on the crossing, nor that it was struck by the engine, nor that defendant's servants failed to ring the bell. *R. R. Co. v. Seeley*, 24 Kansas 266.

II. The court erred in giving instruction two asked by plaintiff. It erroneously required that *both* the bell should be rung and the whistle should be sounded. Sect. 806, Rev. Stat.; *Turner v. R. R. Co.*, 78 Mo. 579. It did not require the jury to find that the animal was struck by the engine. It did not, after defining a *prima facie* case, give the jury any direction as to what their finding should be, whether for plaintiff or defendant. It is not cured by defendant's instruction; they are inconsistent. *Goetz v. R. R. Co.*, 50 Mo. 472; *State v. Nanert*, 2 Mo. App. 295. The error is vital, because the

*only negligence alleged* was a failure to give the statutory signals.

III. The court erred in refusing instruction four asked by defendant. Acts 1881, p. 79; *Zimmerman v. R. R. Co.*, 71 Mo. 488.

IV. The court erred in overruling defendant's motion for a new trial. Cases cited *supra*.

O. J. CHAPMAN, for the respondent.

I. The court did not err in refusing instruction four asked by appellant. There was no evidence to base such an instruction upon, and in such case it is properly refused. *State v. Gerber*, 80 Mo. 94; *Chubback v. H. & St. Jo. Ry. Co.*, 77 Mo. 591. It was a mere abstraction under the pleadings and evidence, and should be read in connection with the other instructions in the case. *St. L., K. C. & N. Ry. Co. v. Cleary*, 77 Mo. 634.

II. While instruction two, given for plaintiff, may be technically erroneous in the use of the little word "or," still the court gave instructions one and two for defendant, which properly declare the law on the same question. The instructions should be taken as a whole, and the fact that one of them is partial or misleading, is no ground for reversal, where the instructions *taken as a whole*, fairly present the case. In *Edwards v. Chicago, Rock Island & Pacific Railway Company* (76 Mo. 309), an instruction was approved almost identical with this. And even if faulty, still the verdict, if right, should stand. *Noble v. Blount*, 77 Mo. 235; *Morris v. H. & St. Jo. R. R. Co.*, 79 Mo. 367. The use of the word "or" is proper, divided and punctuated as it is. The instruction is divided into two clauses, in which the jury are told, that if they find that defendant failed to do one or another of two things, then they will find for plaintiff. They must do one or the other.

III. The court properly overruled the demurrer to the evidence. When there is any evidence to support the plaintiff's case the court cannot withdraw it from the jury. *State v. Turner*, 63 Mo. 436; *Alexander v. H. &*

*St. Jo. R. R.,* 76 Mo. 494; *Cook v. Same,* 63 Mo. 397; *Holiday v. Jones,* 59 Mo. 482.

Philips, P. J.—This is an action against the defendant railway company, to recover damages for killing a steer, the property of the plaintiff. The averments of the petition are, that the animal was killed by a locomotive or train of cars at a point where defendant's track crosses a public road ; and that defendant neglected to sound the whistle or ring the bell on its engine as by statute required on approaching said crossing. Plaintiff recovered judgment, from which defendant has appealed.

I.    It is claimed by respondent in his brief that this is the same case reported in 76 Mo. 494 ; and that, inasmuch as the evidence in the pending case is the same as that in the case reported, and that case was reversed solely on the ground that the bill of exceptions failed to show proof of ownership of the steer by plaintiff, we should in the pending action regard all the questions here raised as to the sufficiency of evidence, aside from the question of ownership, as *res judicata.*

We do not think this position tenable. There is nothing in the record before us to show, aside from the mere title, and some similarity of statements, that the cases and proofs are identical. On the contrary it affirmatively appears that the instructions in the two cases are radically different, and there is persuasive evidence that this suit was pending at the very time the case was under consideration in the supreme court. The opinion in 76 Mo. was rendered at the October term, 1882. Not only from the provisions of the statute regulating practice in the supreme court, but from the known history of delayed cases there, that case was necessarily pending in the supreme court long prior to the October term, 1882. Whereas the record shows that this suit was begun in April, 1882, and was pending in the circuit court in October, 1882, at the time when the case in 76 Mo. was submitted or decided.

What the evidence was in that case we are not ad-

vised by the report, further than that it tended to establish certain facts. We have no judicial knowledge that the evidence in the two cases was substantially alike. This case must stand on its own merits, and be determined on the record before us. The decision in the case reported is only binding on us in so far as any question therein determined may again arise in the case at bar.

II. Appellant insists that the demurrer to the evidence, interposed at the conclusion of plaintiff's evidence, should have been sustained. The points urged under this head are, that the evidence failed to show that the steer was killed by defendant, and second, that it failed to show that the signals were not given.

We are satisfied that there were ample facts and circumstances in proof to have warranted the jury in finding that the defendant's cars did the injury. Especially must we decline to interfere in this particular after the defendant, by its own testimony, materially aided the plaintiff's proof as to the *corpus delicti*. Its witnesses showed that at or about the time in question, there were cattle in and about the crossing, and that the engineer saw them, and was blowing the whistle to scare them off, and the engineer admitted that he did kill a calf there. The only animal found injured at the point, and soon after the car passed, was the plaintiff's steer, injured in such manner as to warrant the jury in believing it was occasioned by collision with the car.

The second objection to the evidence is more formidable. The statute requires that the railroad company, on approaching the crossing of a public road with its cars, locomotives, etc., shall at the distance of eighty rods from such crossing, ring the bell on the engine, and continue to ring it until the train has passed the crossing, or to sound the whistle at such distance, and at intervals until it crosses the road. It is not required to do both. The doing of either of these meets the requirement of the statute.

There was, in our opinion, ample evidence to go to the jury tending to prove that the required whistle was

not given. But that was not sufficient to make out a *prima facie* case. The proof should have gone further, and shown, *prima facie*, that the bell was not rung. The ringing of the bell being a duty to the public imposed by statute on the defendant, it must be accorded the presumption, which obtains in such instances under this statute, that it performed this duty; and the burden rests upon him who would hold it to accountability for this neglect, to overcome by affirmative proof this presumption. Has the plaintiff done this? He produced but two witnesses who spoke to this issue. One of them testified: "I did not pay particular attention as to the bell. It might have rung. I did not hear it. I did not hear it ring; was not paying special attention to the bell." The other stated: "The bell was not rung that I heard; think I could have heard it if it had been rung. I was southeast of the train, and the wind was from the northeast. I did not pay particular attention as to the bell. It might have been rung, I did not hear it."

These witnesses were one quarter of a mile from the train. This evidence is certainly most meager and unsatisfactory. It is essentially negative. The fact that a witness does not observe an object or a sound does not disprove its existence, without more. Such evidence, to be of any value or probative force, should be supplemented by the fact that the attention of the witness was directed to the object, or that from his position, habits of attention and observation, or the surroundings, a reasonable presumption would arise that the witness would have seen or heard. Against the positive testimony of the fireman that the bell was rung, unless wholly discredited as unworthy of belief by a jury, such negative testimony should have no weight. *Henz v. Ry. Co.*, 71 Mo. 638-9; *Culhan v. Ry. Co.*, 60 N. Y. 137; *Haas v. Ry. Co.*, 47 Mich. 401; *Ry. Co. v. Mauly*, 58 Ill. 309.

Instead of the attending circumstances and situation of the witnesses creating a reasonable probability that if the bell was rung they would have heard it, they were such as to render it more probable that they would not

have heard it. They were one quarter of a mile south of the track. They were southeast of the train, while the wind was blowing from the northeast, carrying the sound from them.

Besides this, their attention being first directed to the train by the sounding of the whistle two hundred yards from the crossing, and being repeated, their attention would naturally be occupied by the louder and shriller noise of the whistle. It does seem to us that such evidence ought not to be held sufficient to take away the property, under judgment, of one citizen and give it to another.

We are furthermore persuaded that plaintiff and the jury tried the case on the theory that it was only necessary to prove that defendant neglected to give one of said signals; and having made out a case as to the failure to sound the whistle, little attention was given to the issue as to ringing the bell. The second instruction asked by the plaintiff and given by the court is as follows :

"2. The jury are instructed that if they find and believe from the evidence that the defendant, its agent or servant in charge of the train that struck and injured plaintiff's steer, omitted to ring the bell on the locomotive engine at a distance of eighty rods from the place where the railroad crosses the public road and kept ringing same until such engine crossed said public road, or omitted to sound the steam whistle attached to said locomotive engine at least a distance of eighty rods from the place where the railroad crossed said public road, and continued to sound the same at intervals until such engine had crossed said public road, then this constitutes a *prima facie* case of negligence against the company, and if the jury find for the plaintiff, they will assess his damages at the value of the steer killed, not to exceed the amount claimed."

This, in legal effect, was precisely the instruction condemned by the supreme court in *Turner v. R. R. Co.* (78 Mo. 579). It is held to mean that the railroad company was required to give both signals, whereas the statute requires only one to be given. It is, there-

fore, not improbable that the jury did not think it necessary to pass on the issue as to the ringing of the bell.

III. Another marked defect in this instruction, is its failure to require the jury to find that defendant killed the steer ; on the contrary it rather assumes that defendant did kill it. This defect was not remedied by any other instruction in the case. Such an instruction submitting this issue in explicit terms, should have been given, as there was most reasonable grounds of controversy as to such fact.

IV. We would in legal strictness be justified, perhaps, in simply reversing this case, but as it is possible that plaintiff being under the misapprehension of the law as indicated by said instruction, and did not, therefore, fully develop his proof as to the ringing of the bell, we deem it regardful of the ends of justice to reverse and remand the cause ; which is accordingly done. All concur.

