JAMES H. SUMMERVILLE, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, February 6, 1888.

RAILROAD—NEGLIGENCE UNDER SECTION 809, REVISED STATUTES, AS TO FAILURE TO RING BELL OR TO SOUND THE WHISTLE.—In an action against a railroad company under section 809, Revised Statutes, where the negligence charged is the failure to ring the bell or to sound the whistle, in the manner required by the statute, under the rulings of the Supreme Court of this state, the *onus* is on the plaintiff to prove that both these acts were neglected; if either is performed it is sufficient.

APPEAL from Daviess Circuit Court, HON. CHAS. H. S. GOODMAN, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

STRONG & MOSMAN, for the appellant.

I.   The court erred in refusing to direct the jury to find for the defendant.   The petition does not state facts sufficient to constitute a cause of action.   Rev. Stat. sec. 809 ;   Laws of Mo. 1881, p. 79 ; *Evans v. Railroad,* 62 Mo. 57 ;   *White v. Chaney,* 20 Mo. App. 397. And the evidence fails to sustain some of the averments in the complaint.   *Noeninger v. Vogt,* 88 Mo. 593 ; *Frink v. Railroad,* 75 Mo. 601 ; *Buesching case,* 73 Mo. 219 ; *Kelley v. Railroad,* 70 Mo. 608 ; *Cathcart v. Railroad,* 19 Mo. App. 118; *Turner v. Railroad,* 78 Mo. 579.

II.   The court erred in giving the instructions prayed for by plaintiff.   (*a*)   The demurrer should have been sustained.   Cases cited *supra.*   (*b*)   The instruction required a verdict for plaintiff unless both the bell and whistle were sounded.   *Cathcart case, supra ; Turner case, supra.*   (*c*)   It assumed without proof, or requiring the jury to find from the evidence, that the animals were struck on the crossing of " a public, traveled road."   *Mumpower v. Railroad,* 59 Mo. 247.   (*d*) It did not require the jury to find that the crossing was in Chillicothe township, Livingston county, Missouri, thus ignoring the petition.   (*e*)   It did not limit damages to the sum laid in the complaint, nor to such sum as the proof showed.   (*f*)   It did not require a finding that the animals were struck or killed by the defendant's train, nor to find that the injury occurred at any time or place.

III.   The instruction given by the court, on its own motion, did not supply any defect or omission above mentioned.   (*a*)   It assumes that defendant's train killed the cattle.   *Cathcart case, supra.*   (*b*)   It singles out one fact and the evidence relating to it, and ignores all others, and is, therefore, bad.

IV.   The court erred in refusing, when so requested, to check and rebuke plaintiff's counsel in making his closing argument.   *Huckshold v. Railroad*, 90 Mo. 559 ; *State v. Lee*, 66 Mo. 165 ; *State v. Hamilton*, 55 Mo. 513 ; *Strauss v. Railroad*, 86 Mo. 421.

V.   The court erred in overruling the motion to set aside the verdict, and for a new trial.

LEWIS A. CHAPMAN, for the respondent.

I.   The petition stated a good cause of action against the defendant for killing plaintiff's cattle at the crossing.   Every allegation that the law requires was made.   All that the statutes required was the statement that the company failed to ring its bell or blow its whistle, and that by reason of such neglect plaintiff was injured by having his cattle killed.   The negligence charged is the failure to comply with the requirements of the statute, as amended.   Rev. Stat., sec. 809 ; Laws of Mo., 1881, p. 79 ; *Smith v. Railroad*, 19 Mo. App. 120 ; *Huckshold v. Railroad*, 90 Mo. 548.   Every averment in the petition was supported by the evidence. The proof made out a *prima-facie* case of negligence, and defendant failed to rebut it.

II.   The court did not err in refusing defendant's instruction in the nature of a demurrer to the evidence. Where there is any evidence conducing to prove the issues, it must go to the jury, who are the exclusive judges of its weight.   *Brown v. Lazalere*, 44 Mo. 383 ; *Singleton v. Railroad*, 40 Mo. 151 ; *Lee v. David*, 11 Mo. 114.   There was, under the evidence, no compliance with the statute, requiring railroads " to keep the bell ringing continuously, or to sound the whistle at intervals until the engine has passed over the crossing." *Drain v. Railroad*, 86 Mo. 574 ; *Meyer v. Railroad*, 40 Mo. 151 ; *Callahan v. Warne*, 40 Mo. 137 ; *Norton v. Ittner*, 56 Mo. 351 ; *Stoddard v. Railroad*, 60 Mo. 514.

III.   The court did not err in giving the instruction asked by plaintiff.   It was the law of the case and there

was ample evidence to justify the court in giving it. The instruction was couched in the language of the statute. Rev. Stat., sec. 809 ; Laws of Mo., 1881, p. 79. By showing that the defendant failed to either ring the bell continuously or sound the steam whistle at intervals the plaintiff is entitled to recover without more. *Smith v. Railroad*, 19 Mo. App. 120. The objectionable instruction in the cases of *Cathcart v. Railroad*, 19 Mo. App. 118, and *Turner v. Railroad*, 78 Mo. 579, were not like the instruction in this case.

IV.   The objection that the court, in the instruction given for plaintiff, did not tell the jury that they should not exceed the amount sued for, is frivolous in view of the evidence and the verdict.  The evidence was that the total value of the animal was seventy-five dollars, and the verdict was for that sum, and the amount sued for was ninety dollars.

V.   The point made by appellant, in regard to remarks made by respondent's counsel in the trial, is far-fetched.  It was nothing more than legitimate commentary.  It is true the witness, Alehouse, had been called by the plaintiff, but he was there as a witness for defendant.  He was in defendant's employ.  There was nothing said that was calculated to injure the defendant, and the court who tried the case exercised its discretion as to whether the counsel had gone beyond fair and legitimate argument.  The trial court was a better judge than this court as to whether it was proper to rebuke the counsel.  *Huckshold v. Railroad*, 90 Mo. 559.

ELLISON, J.—This action was instituted under section 809, Revised Statutes, as amended by acts of 1881, for killing plaintiff's cattle at a public crossing.  The negligence charged is the failure to ring the bell or to sound the whistle, in the manner required by the statute. Under the rulings of our Supreme Court the *onus* is on plaintiff to prove that both these acts were neglected ; if *either* is performed it is sufficient.  The evidence that the bell was not rung is altogether of a negative charac-

ter. No witness was closer to the train than one hundred rods, more than a quarter of a mile. None of them are shown to have been listening for the bell, or that there was anything specially occurring to call their attention to it. They simply did not hear the bell. One witness said, "No, of course, I didn't listen for it; but I think I would have heard it, if it had rung." The only other witness on this subject was the engineer of the locomotive which struck the cattle, and he, too, was called by the plaintiff. He testified that the bell was rung continuously; that the engine had a steam appliance attached which kept the bell ringing all the time the engine was in motion. The evidence of this witness was in fact not contradicted; the other witnesses do not pretend to say the bell was not rung. One of them says he thinks if it had been he would have heard it, but he was more than a quarter of a mile away, his attention was not called to it, and no fact or *circumstance* is shown making it probable he would have heard it, had it been rung. We see no way for this case to escape the ruling made in *Cathcart v. Railroad*, 19 Mo. App. 118, and authorities cited.

The judgment must, therefore, be reversed and the cause remanded. All concur.