WILLIAM A. BRADDY, Respondent, v. THE KANSAS
CITY, FORT SCOTT & MEMPHIS RAILROAD COM-
PANY, Appellant.

### Kansas City Court of Appeals, January 18, 1892.

1.  **Railroads:** PUBLIC CROSSING: BELL: WHISTLE: KILLING STOCK.
    An instruction set out in the opinion is not subject to the objection
    that it imposes on the defendant the dual duty of both ringing the
    bell and sounding the whistle eight rods from a public traveled
    crossing.

2.  **Definitions:** "BELIEVE": "SATISFIED": INSTRUCTIONS. In
    instructions, the terms "believe" and "satisfied" are used inter-
    changeably and imply no more than that the jury shall be con-
    vinced by the preponderance of the evidence of the truth of the
    basic facts constituting the plaintiff's alleged course of action.

*Appeal from the Barton Circuit Court.*—HON. D. P.
STRATTON, Judge.

AFFIRMED.

*Wallace Pratt* and *E. C. McAfee,* for appellant.

( 1 ) The instruction requires ( or should require )
the jury to believe two facts: *First,* that defendant
injured plaintiff by killing his animal; *second,* that
defendant was guilty of negligence in so doing. It says
in substance: "If you believe plaintiff's cow was
killed, etc., etc. ( first fact ); and if you shall further
believe a bell was not rung and a whistle not sounded
( second fact ), you will find for the plaintiff," which is
not the law. As it has been repeatedly held that either
is sufficient. *Turner v. Railroad,* 79 Mo. 579. In
short, appellant claims that instruction "A" requires
the jury to find two facts: *First,* it defines what is the
injury, and *second,* it defines what constitutes the neg-
ligence defendant must be found guilty of, and to this

second finding appellant objects, as misleading and erroneous. ( 2 ) Now as to second error in this instruction. The court erred in giving the latter part of this instruction as the law. It requires the jury to be satisfied that the failure to ring the bell or sound the whistle was not the cause of the said cow being struck. It was held by the supreme court of Arkansas in *Shinn v. Tucker*, 37 Ark. 589, that the word "satisfy" should never be used in this connection in a civil case. *Railroad v. Canman*, 52 Ark. 517 ; *O. R. & N. Co. v. Ensley*, 13 Pac. Rep. 186 ; *Iron Co. v. Lawrence*, 14 Pac. Rep. ( Wash.) 869 ; *Fernandes v. McGinnis*, 25 Ill. 165.

*Buler & Timmonds*, for respondent.

( 1 ) Appellant contends that instruction A declares that it was the duty of the defendant to both ring the bell and sound the whistle. We say the instruction is not at all susceptible of such construction. The point was in the mind of the party who wrote the instruction, and he was careful to avoid the very error now complained of. It seems perfectly clear to our mind that this instruction requires that the jury shall from the evidence believe three facts before finding a verdict for the plaintiff, viz., *first*, that plaintiff's cow was killed at the crossing of a traveled public road ; *second*, that a bell was not rung ; *third*, that a steam whistle was not sounded. Or, to put it in other words, that neither a bell was rung nor a whistle sounded. It is but a matter of taste as to which way it should be worded. The *onus* is on plaintiff to prove that both acts were neglected. *Somerville v. Railroad*, 29 Mo. App. 51. And this instruction required that the jury should believe from the evidence that a bell was not rung, and that a whistle was not sounded. In other words, that neither act was done, or, in other words, that both acts were neglected. *Hafferty v. Railroad*, 82 Mo. 97. ( 2 ) The distinction between causing the jury to be "satisfied from the

evidence" and causing it to "believe from the evidence" must be a distinction without a difference. We notice that defendant prefers the expression "find from the evidence." Is there anything in law, or in fact, between these three different forms of expression, which would affect the jury one way or another in weighing the evidence or returning a verdict? If there is, what difference would it make in this case, where the record does not show that any evidence was offered tending to show that the failure to comply with the statute was not the cause of the injury? *Berry v. Wilson,* 64 Mo. 164; *Proctor v. Loomis,* 35 Mo. App. 486; *Wise v. Railroad* 85 Mo. 185; *Railroad v. Cobb,* 72 Ill. 148; *Lemon v. Chanslor,* 68 Mo. 342; *Hastings v. Pepper,* 11 Pick. (Mass.) 44; 44 Mo. App. 193; 43 Mo. 586.

SMITH, P. J.—In this suit the plaintiff alleged that the defendant ran its train of cars over a public crossing without either ringing a bell or sounding a whistle, whereby a cow of the plaintiff of the value of $35 was run over and killed. The plaintiff had judgment, to reverse which the defendant appealed. The defendant challenges the judgment on the sole ground that the trial court erred in instructing the jury that: "If you shall believe from the evidence that on or about the eighth day of August, 1889, in Central township, Barton county, Missouri, at the crossing of a traveled public road, the defendant's engine and train of cars struck and killed a cow belonging to the plaintiff; and if you shall further believe from the evidence that a bell was not rung on said engine or train at a distance of at least eighty rods from the place where defendant's railroad crossed the traveled public road where said cow was struck, and kept ringing until the engine attached to said train crossed said public road; and that a steam whistle on said engine was not sounded at least eighty rods from the place where said railroad crossed said

public road, and sounded at intervals until said engine crossed said public road, then your verdict should be for the plaintiff, unless you are satisfied from the evidence that the failure to ring such bell or sound such whistle was not the cause of said cow being struck, in which case your verdict should be for the defendant."

The defendant's specific objection to this instruction is that it informed the jury that in approaching the public crossing it was the duty of the defendant to both ring the bell and sound the whistle. The statute manifestly does not enjoin the performance of any such dual duty, nor do we think the instruction so directed the jury. We must think the defendant's insistances arise out of a misconception of the import of the language of the instruction. In *Hafferty v. Railroad*, 82 Mo. 90, where a like question arose on an instruction which told the jury that, "if they were satisfied by the evidence that the defendant neglected to cause the bell to be rung, and further neglected to cause the whistle to be sounded at eighty rods before reaching the crossing, etc., and that the killing of the plaintiff's mule was caused by such negligence, they should find for the plaintiff," Mr. Justice SHERWOOD, than whom there is no more accomplished verbalist on any judicial bench, in disposing of the question remarked, "that if the latter part of the instruction, which in effect has been stated by us, were in the alternative, telling the jury that if defendant failed to sound the whistle or failed to ring the bell, then it would be similar to the one given in the *Thomas case* in 78 Mo. 578."

An instruction such as that would have based liability on the failure to give either signal, while the instruction in controversy only bases liability on the entire failure to ring the bell, and the entire failure to sound the whistle. In a word, the failure to ring the bell and the failure to sound the whistle must have concurred in order to have cast liability on defendant. Nothing short of such entire failure in both of these

particulars would have accomplished this, and so in effect the instruction reads. This point must, therefore, be ruled against defendant.

The defendant further objects that the instruction already quoted was erroneous in employing the words, "unless you are *satisfied* from the evidence," etc. In the first part of the instruction are found also the words, "if you shall believe from the evidence," etc. The terms "believe" and "satisfied" are parallel and are used interchangeably. They imply no more than that, if the jury shall be convinced by the preponderance of the evidence of the truth of the basic facts constituting the plaintiff's alleged cause of action, they should find for him. Whatever may have been decided in other jurisdictions, we think that in this state these terms have been used interchangeably by the trial courts in their instructions to juries, and have by such judicial usage acquired an equivalent meaning. And this usage has been repeatedly sanctioned by the revisory courts of this state. *Proctor v. Loomis*, 35 Mo. App. 486; *Berry v. Wilson*, 64 Mo. 164; *Wise. v. Railroad*, 85 Mo. 185; *Lemon v. Chanslor*, 68 Mo. 342.

The judgment must be affirmed. All concur.