C. L. McCORMICK, Respondent, v. THE KANSAS CITY, FT. SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, May 16, 1892.

1. **Railroads:** EVIDENCE: SUFFICIENCY OF. On a review of the evidence in this case it is *held* sufficient [to submit to the jury the question as to whether the bell was rung or the whistle sounded eighty rods from the crossing.

2. ———: ———: ———. If one present at the crossing was conscious and in the exercise of his ordinary senses and swears he heard no signals, then if he was in a position to hear if the signals were given, the triers of the fact would be justified in the conclusion that no such sounds were made.

3. ———: FAILURE OF SIGNALS: CAUSE OF ACCIDENT. In this case the question of whether the failure to give the required signals was the cause of the accident was a question for the jury, and was settled by their finding.

4. ———: WHISTLE OR RING, NOT BOTH. The statute requires the ringing of the bell or the sounding of the whistle as the train approaches the crossing,—one or the other, and not both.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Wallace Pratt* and *J. C. Cravens*, for appellant.

(1)    The court should have instructed the jury at the close of plaintiff's evidence, as requested by the defendant, that they should find for the defendant. And, again, after all the evidence in the case was in, the court erred in again refusing to instruct the jury to find for the defendant. And so we contend that the alleged failure to give the signals was not the cause of the injury complained of, and the case should have been taken from the jury. The proviso with which the statute concludes more than covers the defendant's non-liability here. The plaintiff himself furnished the evidence that the alleged injury was due to other than the cause alleged. R. S., sec. 2608, p. 658; *Summerville v. Railroad,* 29 Mo. App. 48; *Cathcart v. Railroad,* 19 Mo. App. 113; *Stoneman v. Railroad,* 58 Mo. 503; *Holman v. Railroad,* 62 Mo. 562; *Baxton v. Railroad,* 67 Mo. 455; *Wallace v. Railroad,* 74 Mo. 594; *Alexander v. Railroad,* 76 Mo. 494; *Lord v. Railroad,* 82 Mo. 142. (2)    Even if the testimony of the boy Betzer had not negatived the claim that the colts were killed by reason of the alleged failure to give the required signals, the testimony of the witnesses for the plaintiff, saying simply that they did not hear the signals, without giving any reason why they might have heard them if given, ought not, as a matter of law, to be regarded either by the court or jury as against the positive testimony of a number of witnesses who were actually doing and attending to the doing of the very thing in question, and cannot, therefore, be mistaken as to the fact of its occurrence. *Culhane v. Railroad,* 60 N. Y. 137. This case is decisively in point, and states the true doctrine. *Cathcart v. Railroad, supra; Summerville v. Railroad, supra,* and other cases above cited. (3)    The court erred in giving the first instruction asked by the plain-

tiff. In it the jury were told that unless the bell was rung, etc., and the whistle sounded, etc., that the defendant was liable. The statute only requires that the bell shall be rung or the whistle sounded. It does not require both. R. S., sec. 2608; *Turner v. Railroad,* 78 Mo. 579; cases in 19 and 29 Mo. App., *supra; Van Note v. Railroad,* 70 Mo. 641; *Terry v. Railroad,* 89 Mo. 586.

*John B. Cole,* for respondent.

(1) The question whether the facts constituted such negligence as to render the company responsible, was exclusively for the jury to determine. *Kennayde v. Railroad,* 45 Mo. 255; *Karle v. Railroad,* 55 Mo. 482–3; *Barr v. Railroad,* 30 Mo. App. 257; *Alexander v. Railroad,* 76 Mo. 497–8. (2) When plaintiff showed that the defendant had failed to comply with the statute, he made a *prima facie* case. The burden was then upon the defendant to show that the negligence was not the cause of the injury. *Huckshold v. Railroad,* 90 Mo. 548; *Barr v. Railroad,* 30 Mo. App. 254–6. Under an impartial consideration of the evidence, we submit it did not prove equal to this burden. On the other hand, plaintiff's evidence did directly tend to show that defendant's failure was the cause of the injury.

GILL, J.—One of the trains of the defendant, at a public road crossing, ran over and killed three colts belonging to the plaintiff; and for the damage thus occasioned, the plaintiff instituted this suit, alleging that the cause of such killing was the failure of defendant's servants to ring the bell or sound the whistle eighty rods from said crossing as required by section 2608, Revised Statutes, 1889. On a trial by jury in the circuit court plaintiff had a verdict and judgment for $150, and defendant appealed.

I. The main objections urged by defendant's counsel, in effect, go to the sufficiency of the evidence to warrant a verdict for the plaintiff—in other words, that the court below ought to have peremptorily instructed the jury that the plaintiff could not recover.

In the first place it is claimed that there was no proof, worthy of consideration, that the bell of the engine was not rung, nor the whistle sounded, and that, in face of the positive statements of the engineer and fireman that the bell was rung, the jury was not justified in finding the contrary. We cannot agree with the learned counsel as to this contention. Although the testimony of the several parties who were several hundred feet away (but who saw the train passing, and testified that they heard no bell nor whistle) may be considered of such a negative character as to be entitled to little, if any, weight, yet the testimony of the boy who was present at the crossing, and who testified unequivocally that no bell was rung nor whistle sounded, makes such a showing for the plaintiff's case that we must abide the finding of the jury, and conclude, therefore, that there was a failure to ring the bell or sound the whistle. In this regard, the plaintiff's case is made much stronger than was that of the plaintiff in the *Summerville case*, 29 Mo. App. 48, or the *Cathcart case*, 19 Mo. App. 113.

In this connection, too, we recall the contention of defendant's counsel at the oral argument, to the effect that, before the testimony of any witness can be considered of any importance in an issue of this kind, it must appear not only that the witness was present, but that he was giving special heed to what was going on — that he was giving his attention direct at the time as to whether or not the alarm signals were given. We think counsel expresses his position too strongly. If the boy was present at the crossing, was conscious, and in the exercise of his ordinary senses, and would swear

that he heard no such signals, then as he was in a position to hear if such signals had been given, the triers of the fact would be entirely justified in the conclusion that no such sounds were made, since if they had then such witness would have heard them. From the position and surroundings of this witness there was a reasonable presumption that he would have heard these signals if they had been given, and in such a case as that the evidence is entitled to much probative force; and so was the ruling of this court in the *Cathcart case*, 19 Mo. App. 118.

Again, it, is said, the demurrer to the evidence ought to have been sustained, because, even admitting that the statutory signals were not given as the train approached the crossing, yet that such failure was not the cause of the injury. This, too, was a question for the jury; they found the issue against the defendant, on evidence fully sustaining their conclusion, and we cannot, therefore, disturb the judgment on that account. The plaintiff's testimony was to the effect that, as the train approached the crossing, these colts were just on the west side of the track where they had stopped to pick grass. The engine came up under cover of a fence which concealed the crossing, and gave no alarm until it got to the very "edge of the road;" and it was then by escaping steam the colts were suddenly alarmed, and in their confusion, and trying to escape the engine then bearing down on them, they sprang the wrong way, and, instead of escaping danger, jumped immediately in front of the engine, and were killed. Now, the statute required that at least eighty rods before getting to this crossing the engine's bell or whistle should have been rung or sounded, and continuously, too, until the crossing was reached. The jury then might have well concluded that if one of these

statutory alarms had been given eighty rods away, and at intervals repeated till the crossing was reached, then the colts would have escaped, and that, therefore, the failure to give one of such signals caused the plaintiff's loss.

The only remaining point worthy to be noticed relates to the objection to plaintiff's first instruction, and, which it is claimed, imposed on the railroad company the duty, not only to ring the bell, or sound the whistle before getting to road crossing, but that said instruction required the company to do both—ring the bell *and* sound the whistle. If the instruction could be so construed, then clearly it would be faulty, as it has been repeatedly decided by this court that the railroads are only required by this statute to give one of these alarms. However, we have lately had before us the construction of an instruction in almost the exact language of that now in question, and we have held that the instruction was not subject to the criticism here offered. *Brady v. Railroad*, 47 Mo. App. 519. We then dismiss this point by a simple reference to that case.

The judgment of the circuit court is affirmed. All concur.