THE STATE OF MISSOURI *ex rel.* C. S. ESSEX, Prosecuting Attorney, etc., Respondent, v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Railroads:** SIGNALS AT PUBLIC CROSSINGS: ACTIONS TO RECOVER: CIVIL: REASONABLE DOUBT. Actions against a railroad to recover penalties for failure to give signals at public crossings are civil and not criminal actions and plaintiff is entitled to recover on a mere preponderance of the evidence and does not have to make his case beyond a reasonable doubt.

2. **Evidence:** WEIGHT OF: POSITIVE AND NEGATIVE: INSTRUCTIONS. Affirmative testimony, as a general rule, that may ordinarily be applied, is stronger than negative, but the rule has its exceptions and negative testimony may justly outweigh positive; and in this case an instruction to the jury to give positive testimony greater weight than negative is properly refused.

3. ——: ——: ——: ——. Such instruction, moreover, is faulty since a court can not comment on the evidence or advise the jury as to the weight thereof, since it is the jury's province alone to determine that matter.

*Appeal from the Dade Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Wallace Pratt, I. P. Dana,* and *Goode & Cravens* for appellant.

(1) If this is a criminal prosecution all the proceedings subsequent to the verdict of not guilty, rendered by the justice of the peace, are void. There could be no appeal from that judgment. The defendant having been acquitted could not be again put on trial. If it is not a criminal proceeding the jurisdiction of the appeal seems to be in the supreme court. *State ex rel. v. Dent,* 121 Mo. 162; *Howell Co. v. Wheeler,* 108 Mo. 294; *Harman v. St. Louis,* 55 Mo. App. 175; *St. Louis v. Robinson,* 55 Mo. App. 256. (2) It is at least "of a criminal nature" (*State ex rel. v. R'y Co.,* 30 Mo. App. 494) and such cases are governed by the criminal procedure. Hence there was no appeal in behalf of the state, and the defendant must have been proven guilty beyond a reasonable doubt. *Boyd v. United States,* 116 U. S. 616. (3) Whether civil or criminal, the action is for a statutory penalty and one which could only be begun by the officer of the state charged with the prosecution of public offenses. It therefore devolved on the prosecution to prove the defendant's guilt beyond a reasonable doubt, and the court erred in refusing to so instruct the jury. *United States v. Brig Burdett,* 9 Peters, 682; *Boyd v. United States,* 116 U. S. 616; *Buckwalter v. United States,* 11 Serg. & R. 193; *White v. Comstock,* 6 Vt. 405; *Brooks v. Morse,* 10 Vt. 37; *Ryker v. Hooker,* 35 Vt. 457; *Polston v. See,* 54 Mo. 291; *Barton v. Thompson,* 46 Iowa, 30; *Thurtell v. Beaumont,* 8 Eng. Com. Law

337; *Burkmans v. Burkmans*, 17 N. J. Eq. 453; *Thayer v. Boyle*, 30 Me. 475; *Ins. Co. v. Paver*, 16 Ohio, 324; *McConnell v. Ins. Co.*, 18 Ill. 228. (4) On the authority of the following cases the negative evidence that the signals were not given was not sufficient to take the case to the jury against the positive testimony of the three persons who were on the engine to the contrary, since these were in no wise discredited or impeached. *Cathcart v. R'y*, 19 Mo. App. 113; *Summerville v. R'y*, 29 Mo. App. 48; *Rainey v. R'y*, 23 N. Y. Sup. Ct. 80; 68 Hun, 495; *Horn v. R'y*, 54 Fed. Rep. 301; *Haas v. R'y*, 47 Mich. 401; *Culhane v. R'y*, 60 N. Y. 133; *McKeiver v. R'y*, 88 N. Y. 667; *Van Patten v. R'y*, 80 Hun, 494; *In re Simmon's License*, 15 Pa. Co. Ct. R. 618. (5) There was error in refusing to instruct that the affirmative testimony of the witnesses who swore the signals were given was entitled to greater weight than the negative testimony of the witnesses for the prosecution. That is the law. 2 Greenleaf's Ev. [14 Ed.], sec. 375; *Parvis v. R. R.*, 17 Atl. Rep. 752; *Cawfield v. R'y*, 111 N. C. 597; 16 S. E. Rep. 703; *Henderson v. Crouse*, 7 Jones (N. C.), 624; *Socola v. Chess Corley Co.*, 1 S. Rep. 824; *Story v. Ins. Co.*, 37 La. Ann. 255; *Guesuard v. Bird*, 33 La. Ann. 796; *R. R. v. Wellhoner*, 2 C. L. J. 722; *R'y v. Stump*, 55 Ill. 367; *R'y v. Still*, 19 Ill. 499; *Seifert v. R. R.*, 49 Barb. 583; *Still v. Huidekopers*, 17 Wall. 384; *Kennedy v. Kennedy*, 2 Ala. 571; *Todd v. Harvie*, 5 Ala. 698; *Nelson v. Iverson*, 24 Ala. 9; *Littlefield v. Clarke*, 3 Dessans, 165; *Bank v. Mfg. Co.*, 23 Vt. 186; *Potts v. House*, 6 Ga. 324. (6) The preponderance of the evidence was so strong against the verdict as to raise the presumption of prejudice, passion or gross ignorance on the part of the jury, and for that reason a reversal should be directed. *Price v. Evans*, 49 Mo. 396; *Walton v. R. R.*, 49 Mo.

App. 620; *Bruen v. Fair Ass'n*, 40 Mo. App. 425; *Borgraefe v. Knights*, 26 Mo. App. 190.

*Edwin L. Moore* and *Cole, Burnett & Allen* for respondent.

(1) Actions for the recovery of penalties are civil actions. 1 Bishop's New Crim. Law (1892), sec. 990, par. 2. (2) An action on a penal statute to recover money as a penalty is a civil action. *People v. Hoffman*, 3 Mich. 248; *Keith v. Tuttle*, 28 Me. 326, 335; *Indianapolis v. Fairchild*, Cart. (Ind.) 315; *Belcher v. Johnson*, 1 Met. 148; *Buckwater v. U. S.*, 11 S. & R. 193; *Rogers v. Alexander*, 2 Green, 443; *People v. Ontario*, 4 Denio, 250. And the action may be in the name of the state; but this does not make the cause a criminal one. *Webster v. People*, 14 Ill. 365; *Mitchell v. State*, 11 N. W. Rep. (Neb.) 848. (3) This court has held that a proceeding under this statute to recover this penalty is a civil action. *State ex rel. v. R'y*, 30 Mo. App. 494. (4) The fact that the state is plaintiff does not make the proceeding criminal, even though the proceeding is for the recovery of a penalty or forfeiture. *State v. Hayden*, 32 Wis. 663; *U. S. v. Brown*, Deady, 566; *State v. Leach*, 60 Me. 58; 11 Am. Rep. 172; *Commonwealth v. Davenger*, 10 Phil. 476. The court may direct a verdict, which can not be done in a criminal case. *Hines v. Darling*, 57 N. W. Rep. (Mich.) 1081. (5) An action for debt *qui tam* to recover a penalty given by the statute is not a criminal prosecution, and in order to authorize a verdict for the plaintiff, the jury need not be convinced that the case against the defendant is proved beyond a reasonable doubt. *Hitchcock v. Munger*, 15 N. H. 97; *People v. Briggs*, 47 Hun, 266; *Roberge v. Burnham*, 124 Mass. 277. And being a civil proceeding, plaintiff was prop-

erly required to prove its case only by a preponderance of the evidence. *Marshall v. Ins. Co.*, 43 Mo. 586; *Edward v. Knapp*, 97 Mo. 432; *Smith v. Burrus*, 106 Mo. 94–101; *Chaney v. Ins. Co.*, 62 Mo. App. 45. The rule that when a criminal act is alleged in a civil suit the proof of the criminal act must satisfy the jury beyond a reasonable doubt, has now been abandoned in most states, and the same rule applied to these as to other civil cases. *Ellis v. Buzzell*, 60 Me. 209; *Weston v. Gravlin*, 49 Vt. 507; *Munson v. Atwood*, 30 Conn. 102; *Jones v. Greaves*, 26 Ohio St. 2; *Robinson v. Randall*, 82 Ill. 521; *Bissell v. West*, 35 Ind. 54; *Schmidt v. Ins. Co.*, 1 Gray (Mass.), 529; *Gordon v. Parmelee*, 15 *Id.* 413; *Burr v. Wilson*, 22 Minn. 206; 1 Greenleaf on Evidence [14 Ed.], p. 23, sec. 13*a*, note *a*. The reason of the rule requiring proof beyond a reasonable doubt in criminal cases, is the fact that the liberty of a citizen is involved. *Town of Glenwood v. Roberts*, 59 Mo. App. 167; Best on Evidence [Morgan Ed.], sec. 95; Wharton Crim. Ev., sec. 1; 1 Greenleaf Ev. [14 Ed.], sec. 13a. There could be no imprisonment in this case; the act of neglect complained of is not an "offense" within the meaning of section 3976, Revised Statutes, 1889, defining that word. *State v. Briscoe*, 80 Mo. 644; *State v. Mackin*, 51 Mo. App. 129; *State v. Armor*, 77 Mo. 568; *State v. Burnett*, 77 Mo. 570. In all civil actions at law a preponderance of evidence is sufficient to make out a case for the party upon whom rests the burden of proof regardless of the question at issue. *Chaney v. Ins. Co.*, 62 Mo. App. 50. (6) Appellant contends that the court should not have submitted the case to the jury because plaintiff's evidence, as to the failure on part of defendant to obey the statutory duty, was of a negative character. Now to recover in any such case based on this statute, section 2608, plaintiff must prove a negative. The question is not an open

one. *McCormick v. R'y*, 50 Mo. App. 109. These matters, and the credit to be given to the witnesses, are questions for the jury. *Murray v. R'y*, 101 Mo. 236–242; *McCormick v. R'y*, 50 Mo. App. 109; 2 Rice on Ev. (civil), pp. 802, 803; *State v. Gee*, 85 Mo. 647; *Reeves v. Poindexter*, 8 Jones (N. C.) 308; *Henderson v. Crouse*, 7 *Ib.* 623; *State v. Phair*, 48 Vt. 366; Wharton on Criminal Evidence, sec. 382; 1 Stark on Evidence, sec. 517. (7) Instructions numbers 3 and 4, asked by defendant, were properly refused. They contained improper references to isolated facts, commented on the evidence, and invaded the province of the jury in determining the weight, value and credibility of the testimony. *State v. Bell*, 70 Mo. 634; *State v. Gee*, 85 Mo. 647; *State v. Smith*, 53 Mo. 267; *State v. Hundley*, 46 Mo. 421, 422. Courts have no right to instruct juries touching the weight of evidence. *Gilliam v. Ball*, 49 Mo. 249; *Glasgow v. Copeland*, 8 Mo. 268. (8) Plaintiff had the right to appeal from the judgment of the justice of the peace. In this action at bar the prosecuting attorney by a complaint containing proper averments "sued for" the penalty of $20, as he was authorized to do by the statute. R. S. 1889, sec. 2608. The defendant was brought into court by summons— the ordinary civil process. The judgment is the ordinary civil judgment for the recovery of the $20 sued for and for costs. R. S. 1889, secs. 6122, 6327; *State v. Mitchell*, 11 N. W. Rep. (Neb.) 848.

GILL, J.—This action was instituted before a justice of the peace in Barton county to collect a penalty of $20 provided for in section 2608, Revised Statutes, 1889, it being charged in the complaint that one of the defendant's trains ran across a public traveled road without giving the statutory signals. The cause was first tried before the justice without a jury, resulting in

a judgment for defendant; plaintiff appealed to the
Barton circuit court, and from there a change of venue
was taken to the circuit court of Dade county, where
on a trial by jury there was a verdict and judgment for
plaintiff, and defendant appealed to this court.

The points raised by defendant's assignment of
errors may be thus stated: *First*, it is contended that
this is a criminal prosecution; and that because it is a
criminal case, it is then insisted that there was no right
of appeal from the judgment of the justice, and that
the trial court should have required the plaintiff to
make proof of the charge *beyond a reasonable doubt.*
And, *secondly*, complaint is made of the court's refusal
to give certain instructions requested by defendant,
and which relates to the comparative weight the jury
should give to evidence of said defendant's witnesses
who attended the train and that of plaintiff's witnesses
who were near the crossing when the train passed.

I.   As to the first point, we have no hesitancy in
deciding it  against defendant's contention.   While
counsel have cited some cases which seem
to support their position, we yet regard it
as settled by an overwhelming weight of
authority that this and like prosecutions
are to be treated as civil and not criminal
actions; and that in making proof thereof the plaintiff
is only bound to bring forward a mere preponderance
of evidence, and is not required to satisfy the jury, or
triers of the facts, beyond a reasonable doubt.   The
suit is of the nature of the old *qui tam* action for the
recovery of a statutory penalty, one half of which goes
to the informer and the other half to the county.   It
has, we think, been conceded in the practice of this
state and elsewhere to belong to the class known as
civil cases rather than criminal prosecutions.   *Hitch-
cock v. Munger,* 15 N. H. 97; *People v. Briggs,* 47 Hun

*[margin note: RAILROADS: signals at public crossings: actions to recover: civil: reasonable doubt.]*

(N. Y.), 266; *State v. Hayden*, 32 Wis. 663; *Webster v. The People*, 14 Ill. 365; *Roberge v. Burnham*, 124 Mass. 277; *Town of Glenwood v. Roberts*, 59 Mo. App. 167; *State ex rel. v. Railroad*, 30 Mo. App. 494.

Being then a civil action it was only necessary to prove the facts by a mere preponderance of evidence; *Chaney v. Ins. Co.*, 62 Mo. App. 45; *Edwards v. Knapp*, 97 Mo. 432, and numerous cases that might be cited.

II. The trial court refused the following instruction asked by defendant's counsel: "4. It is the duty of the jury in passing upon the weight and effect to be given by them to the evidence in the cause to give to testimony of a positive or affirmative character greater weight than to that simply of a negative character, provided the witnesses testifying affirmatively to a given fact are not shown to be unworthy of belief by other facts and circumstances in the case."

EVIDENCE: weight of: positive and negative: instructions.

The evident purpose of this instruction was to have the jury attach more weight to the testimony given by the two men operating the locomotive which passed over the crossing in question, than to the several other witnesses introduced by plaintiff—the first testifying in positive terms that the statutory signals were given while the latter as firmly denied that either the bell was rung or the whistle was sounded as the train approached the crossing. The testimony of these two trainmen is designated by defendant's counsel as affirmative evidence, while that of the plaintiff's witnesses is said to be of a negative character. By the instruction above quoted defendant seeks to apply the rule that affirmative testimony is stronger than negative. And while now the rule is general, and may ordinarily be well applied, it yet has its exceptions and

the reverse may be true; that is, negative testimony may justly outweigh the positive. As said by a learned Louisiana judge: "Evidence of a negative nature may, under particular circumstances, not only be equal but superior to positive evidence. This must always depend upon the question, whether the negative testimony can be attributed to inattention, error or defect of memory, and whether the witnesses had equal means and opportunities for ascertaining the facts to which they testify, and exercised the same. * * * It has been often held that is is not true, as a matter of law, that negative evidence may not be sufficient to overbalance positive testimony (citing authorities). In such cases the jury or judge have to weigh, consider and decide for themselves somewhat regardless of general rules." *State v. Chevallier*, 36 La. Am. 81.

In Wharton on Evidence, volume 1, section 415, it is said, "that the weight to be attached to the negative witness depends upon the exhaustiveness of his observation; the mere fact of its negativeness does not exclude it as testimony. Put an intelligent and credible witness in a small chamber, open throughout to his scrutiny, and his testimony that in that chamber, at a given time, an event did not occur, which could not have occurred without his observation, is entitled to the same weight as that of a witness who, equally intelligent and credible, should swear to the occurrence of the event at the same time. A negative witness, also, whose attention is concentrated on a particular point, may outweigh an affirmative witness whose attention has not been so concentrated."

Hence it is seen that it is not always correct to say that affirmative evidence, even when given by credible witnesses, is to be treated of greater weight and superior probative force than that of a negative character. This exception finds its application in the case at bar.

Several of the plaintiff's witnesses were shown to be near the crossing, from twenty-five to forty rods distant, and within plain view and easy hearing of the passing train. They testify that they were giving especial and close attention to the train, saw it as it came from the east and passed west over the crossing, that it was clear, light and calm, and that no bell was rung nor whistle sounded until just as the train got to the public road when and where the whistle gave the stock alarm. It is impossible to concede credibility to these witnesses and at the same time deny their statement that no whistle was blown or bell rung on the passing train. According to their testimony they were as favorably located to witness and judge of these matters as were the parties operating the engine; and if they are credited, they were giving direct attention thereto. The testimony given here was quite different from that found in the *Cathcart* case, 19 Mo. App. 113, or the *Summerville* case, 29 Mo. App. 48. This is even a much stronger case than of *McCormick v. Railroad*, 50 Mo. App. 109.

It would, then, we think, be entirely wrong to tell the jury that they should give greater weight to the evidence of defendant's train men than to that of plaintiff's witnesses. When it is remembered that the engineer and fireman pass daily and hourly over numerous of these crossings, it is readily seen that they were even more likely to be mistaken as to what was done at this particular point than these witnesses for plaintiff.

But more than this, the instruction asked contravened the well known rule of practice in this state, that will not allow the court to give instructions commenting on the evidence or advising the jury as to what weight they shall attach to certain parol evidence. The jury

are the sole judges of the credibility of witnesses and the weight to be given their testimony. Whether or not these statutory signals were given in this particular instance, was peculiarly a question of fact to be determined by the jury. The evidence was conflicting, and it was the duty of the jury, and not the judge, to determine, in the light of all the circumstances, where the truth was. *Murray v. R'y*, 101 Mo. 236; *State v. Bell*, 70 Mo. 633; *State v. Gee*, 85 Mo. 647.

Other matters mentioned in the briefs have been examined but in none of them do we find cause to disturb the judgment. It is therefore affirmed. All concur.