OPHELIA L. LOCKHART, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 6, 1901.

1. **Railroads:** KILLING STOCK: STATUTORY SIGNALS: EVIDENCE. The evidence relating to the giving of the statutory signals is examined and held to be more than simple negative evidence, since the witness was in a position to see and hear and was in fact observing the train; and the case was properly submitted to the jury. Cases considered.

2. ——: ——: COLLISION: EVIDENCE. The testimony relating to the question, whether certain calves were struck on the crossing, is held sufficient to support finding for the plaintiff.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) There was no proof of a failure to give the statutory signals. The trainmen in charge of the train were presumed to have given the proper signal because it was their duty to do

so. Cathcart v. Railroad, 19 Mo. App. 113, 118; Jewett v. Railroad, 50 Mo. App. 551; Wyrick v. Railroad, 74 Mo. App. 406, 417; Guest v. Railroad, 77 Mo. App. 258, 261; Lenox v. Harrison, 88 Mo. 491, 496; State ex rel. v. Bank, 120 Mo. 161, 169. (2) The burden was on plaintiff to prove the failure to give the signals. The evidence offered was not sufficient either to establish that fact or to overcome the presumption that the signals were given. Cathcart v. Railroad, 19 Mo. App. 113, 118; Summerville v. Railroad, 29 Mo. App. 48; McCormick v. Railroad, 50 Mo. App. 109, 112. (3) There was no proof that the animals were struck on the crossing. The jury could not assume from those facts that the animals were struck on the crossing.

*A. J. King* for respondent.

(1) Appellant says respondent failed to establish two things essential to her case. The first esssential, as claimed by appellant, was that there was no proof that the statutory signals were not given. The uncontradicted evidence of Mrs. John Horn establishes that fact beyond question. 1 Wharton on Ev. sec. 415; State ex rel. v. Railroad, 70 Mo. App. 642; State v. Chevallier, 36 La. An. 81. (2) Appellant says there was a failure of proof that the animals were struck on the crossing, and for that reason respondent can not recover. John Horn testifies that the two calves were on the railroad, mashed up, west of the crossing. A. B. Halcomb testifies that the calves were killed at the crossing or struck there and knocked west from the crossing.

BROADDUS, J.—This is an action to recover the value of two steers alleged to have been killed on a public crossing. The suit was brought in the justice court, taken by appeal to

the circuit court, where the plaintiff recovered judgment from which the defendant appealed.

The defendant claims there was no evidence to sustain the allegations of the statement that the defendant's agents failed to ring the bell or sound the whistle as the train approached the crossing; or, that the animals were killed while on the crossing. As to whether the statutory signal was given as the train approached the crossing, must be determined almost exclusively by the evidence of Mrs. Horn. The crossing, where it is alleged that the steers were killed, is about one-fourth of a mile west of Ellis, a station on defendant's road. The date of the occurrence was the seventeenth of April, 1899. Mrs. Horn testified that she lived west of Ellis about one-fourth of a mile; was at home on the night of the seventeenth of April, 1899, and while in bed, she was looking out at the cars as they passed; that the house was not far from the crossing, and that the window was up. She first heard the train when it got to Ellis about one-fourth of a mile away. She says she was looking at the train before it reached the crossing, and that she did not hear any bell ring, or whistle sounded as the train approached.

On cross-examination, these questions were asked her: "Question—You say you didn't hear any bell sound? Answer—No, sir. Question—You simply didn't notice whether the bell rang or the whistle sounded? Answer—I never heard it. Question—You don't mean to say it was not sounded? Answer—I never heard it. Question—You don't mean to say it was not sounded, positively, but simply you didn't notice it? Answer—Looks like I would have heard. Question—Didn't you say in this written statement: 'If any whistle or bell rung I didn't hear them; I don't mean to deny the bell sounded, but I mean to say I didn't hear them?' Answer—I didn't hear them. Question—You don't know whether they sounded or not? Answer—I never heard it. Question—That is all you

know about it. You never heard it? Answer—I never heard it."

Appellant insists that the testimony of Mrs. Horn was purely negative in its character and comes within the rule of the case of Cathcart v. Railroad Co., 19 Mo. App. 113. In that case the evidence of the two witnesses, who were introduced by the plaintiff to prove that the bell was not rung and the whistle not sounded, had no probative force, and did not authorize a recovery. These witnesses were one quarter of a mile from the train. One of them testified: "I did not pay any particular attention to the bell. It might have rung. I did not hear it. I did not hear it ring, was not paying special attention to the bell." The other stated: "The bell was not rung that I heard; think I could have heard it if it had been rung. I was southeast of the train, and the wind was from the northeast. I did not pay particular attention as to the bell. It might have been rung. I did not hear it." Judge PHILLIPS, who rendered the opinion of the court, reasoned thus: "This evidence is certainly most meager and unsatisfactory. It is essentially negative. The fact that a witness does not observe an object or sound, does not disprove its existence, without more. Such evidence, to be of any value or probative force, should be supplemented by the fact that the attention of the witness was directed to the object, or that from his positive habits of attention and observation, or the surroundings, a reasonable presumption would arise that the witness would have seen or heard. Against the positive testimony of the fireman that the bell was rung, unless wholly discredited as unworthy of belief by a jury, such negative testimony should have no weight."

The character of the testimony of Mrs. Horn is materially different from that of the two witnesses in the Cathcart case. She was in a position to know whether the bell was rung or the whistle sounded. She was in bed near the window of her bed-

room, looking in the direction of the train, heard it when it whistled at the station one-fourth mile east; saw it before it reached the crossing, and at the crossing.   Her husband was asleep by her side and all was still in the house; and immediately after or at the same time saw two or three calves come from the direction of the crossing, thought they were her husband's and wakened him to go and see if they were.   She says that she supposed she would have heard the ringing of the bell and the sounding of the whistle, if the one had rung and the other sounded.   Her attention was directed to the train at the time the alarm for the crossing should have been given.   She was in a position to have seen and heard.   In the absence of contradictory testimony from the engineer or fireman, it was evidence of sufficient probative force to authorize the court to submit the case to the jury.   When the occurrence of a certain event is the fact in issue, a witness called to prove its non-occurrence may, if he had a good opportunity of observing it, testify that he did not see or hear it, though unable to say positively that it did not take place.   Underhill on Evidence, page 565; Burnham v. Sherwood, 19 Atlantic Rep., 714.   In McCormick v. Railroad Co., 50 Mo. App. 109, the court did not hold, that the evidence of several witnesses, who were several hundred feet away and heard no bell nor whistle, was of no probative force.   The language of the judge who delivered the opinion of the court was:   Their evidence "may be considered of such negative character as to be entitled to little, if any weight."   The expression at most is ambiguous, and as there was other testimony in the case of a positive and affirmative character, the judge did not consider that part of the evidence as controlling and dismissed it with the expression quoted.   In Summerville v. Railroad, 29 Mo. App. 48, the fact was that "no witness was closer to the train than one hundred rods, more than a quarter of a mile.   None  of them are shown to have

been listening for the bell or that there was anything specially occurring to call their attention to it." Judge Ellison, in commenting on the facts, sums them up as follows: "They (the witnesses) simply did not hear the bell. One witness said, 'No, of course I didn't listen for it, but I think I would have heard it, if it had rung.' The only witness on this subject was the engineer of the locomotive which struck the cattle and he, too, was called for the plaintiff. He testified that the bell was rung continuously; that the engine had a steam appliance attached which kept the bell ringing all the time the engine was in motion. The evidence of this witness was not contradicted; the other witnesses did not pretend to say the bell was not rung. One of them says he thinks if it had been, he would have heard it, but he was more than a quarter of a mile away, his attention was not called to it, and no fact or *circumstance* is shown making it probable he would have heard, had it rung." This case and that of Cathcart v. Railroad are very much alike. But the case at bar is not a parallel case. There is nothing in the objection that there was no proof that the animals were killed at the public crossing. The witnesses state facts and circumstances from which the jury might infer the ultimate fact that the animals were on the crossing when they were struck by the engine. It was shown that the track of the defendant was fenced and that it had cattle-guards at the crossing mentioned; that this fence at the crossing had the appearance of having been mashed and partially wrecked, and presumably from the force with which the engine projected the animals against it, and inside of defendant's inclosure. One of them was lying about fifteen, and the other about thirty feet west of the cattle-guards and inside of defendant's fence. Besides, three of the same herd were seen coming from the crossing towards Horn's house, which was a short distance away, while the train was passing over the crossing, as testified to by Mrs. Horn. These three,

with the other two that were killed, had escaped that evening from plaintiff's inclosure. All the evidence goes very strongly to prove that the animals were struck on the crossing.

From what has been said the court properly overruled defendant's demurrer to plaintiff's case, and as there was no error in giving and refusing instructions, the cause will be affirmed. All concur.