HOLMES et ux., Appellants, v. MISSOURI PACIFIC RAILWAY COMPANY.

In Banc, June 28, 1905.

1. **NEGLIGENCE: Running Towards Track: Concurring Negligence: Child.** Running on, or in dangerous proximity to, a railroad track, without looking or without heeding, is an act of negligence; and although the engineer saw the pedestrian running towards the track, in sufficient time to have slowed up or stopped the train or to have sounded the whistle, and did neither, the contributory negligence of the pedestrian is sufficient to bar his recovery, if he is a person of sufficient maturity to be chargeable with contributory negligence. But, although the engineer, as a general rule, when he sees a person running towards the track may presume that the pedestrian will use his eyes and see a rapidly approaching train and stop and let it pass, yet if he could see from the size of the person approaching that it was a child too young to exercise that discretion, he has no right to act on that presumption, and the company is liable for the resulting injuries.

2. ———: ———: **Contributory Negligence: Child.** If reasonable men might reach different conclusions from the given facts the question of whether a child who ran upon a railroad track in front of an approaching train was of sufficient maturity to be held accountable for his negligent conduct, is one for the jury; otherwise, it is one for the court. Or, otherwise stated, if it was so manifest that the child was of an age and attainments sufficient to understand and appreciate the consequences of his imprudence that there could be no two honest and reasonable opinions about it, the court should not submit the question to the jury; otherwise, the question of his accountability is for the jury, for then the question arises, can such a child be guilty of contributory negligence? And in this case, where the child killed was eight years old, it is held that the trial court should have submitted the question of his accountability to the jury.

Appeal from Johnson Circuit Court.—*Hon. Wm. L. Jarrott,* Judge.

REVERSED AND REMANDED.

*O. L. Houts* and *Chas. E. Morrow* for appellants.

(1) The failure to give the statutory signals at the street crossing entitled plaintiffs to recover, unless their child was guilty of contributory negligence. Hanlon v. Railroad, 104 Mo. 381; Lloyd v. Railroad, 128 Mo. 595; Lamb v. Railroad, 147 Mo. 171; Schmett v. Railroad, 160 Mo. 43; Reed v. Railroad, 80 S. W. 921. (2) The deceased was a child only eight years old, and was only required to exercise such care as would be expected of one of its age and capacity. Spillane v. Railroad, 135 Mo. 414; Ruschenberg v. Railroad, 161 Mo. 70; Campbell v. Railroad, 175 Mo. 174; Anderson v. Railroad, 81 Mo. App. 116; Heinzle v. Railroad, 81 S. W. 848. The question whether deceased, a child of immature years, only eight years of age, was guilty of contributory negligence was one of fact for the jury, and the court erred in not submitting it to them. Ruschenberg v. Railroad, 161 Mo. 70; Campbell v. Railroad, 175 Mo. 184; Baird v. Railroad, 146 Mo. 265; Burger v. Railroad, 112 Mo. 238; Anderson v. Railroad, 81 Mo. App. 116; Heinzle v. Railroad, 81 S. W. 848. (3) Although the deceased was guilty of negligence, and failed to use such care as one of his age and capacity should use, yet defendant's agents and servants in charge of the train, saw, or by the exercise of ordinary care might have seen, the peril he was about to put himself in, in time, by the exercise of ordinary care, to have given the usual danger signals, and put the train under control, and avoided injuring him, and the case should have been submitted to the jury on this theory. Jett v. Railroad, 178 Mo. 664; Kelly v. Railroad, 75 Mo. 595; Meeker v. Railroad, 178 Mo. 173; Klockenbrink v. Rail-

road, 172 Mo. 678; Morgan v. Railroad, 159 Mo. 262; Lloyd v. Railroad, 128 Mo. 595; Schlereth v. Railroad, 115 Mo. 87; Kellny v. Railroad, 101 Mo. 67; Hinzeman v. Railroad, 81 S. W. 1134; Livingston v. Railroad, 170 Mo. 452; Baird v. Railroad, 146 Mo. 265; Bunyan v. Railroad, 127 Mo. 12.

*R. T. Railey* and *Martin L. Clardy* for respondent.

(1) The court, in view of deceased's experience, in view of his schooling, in view of the warnings which he had received, held that deceased saw the train, because the physical facts and testimony disclosed that he was bound to have seen it under the circumstances detailed in evidence. The failure, therefore, to give the signals, or any of them, was not the proximate cause of the injury, and as the physical facts disclose the foregoing to be true, the court did right, under the law, in directing a verdict for defendant. Kelsay v. Railroad, 129 Mo. 374; Lane v. Railroad, 132 Mo. 27; Payne v. Railroad, 136 Mo. 583; Hook v. Railroad, 162 Mo. 580; Weltmer v. Bishop, 171 Mo. 116; Haviland v. Railroad, 172 Mo. 115; Southworth v. Southworth, 173 Mo. 74; Guyer v. Railroad, 174 Mo. 351. (2) If a minor, by virtue of his education, his experience, and the warnings which he has received, is capable, while exercising such care and caution as ordinarily prudent children would exercise under such circumstances, of knowing and appreciating the dangers which he is liable to encounter by pursuing the line of conduct in which he is then indulging, then his minority is no protection. Ostertag v. Railroad, 64 Mo. 424; Spillane v. Railroad, 135 Mo. 426; Payne v. Railroad, 136 Mo. 562; Graney v. Railroad, 157 Mo. 679; Schmitt v. Railroad, 160 Mo. 58; Wendell v. Railroad, 91 N. Y. 420; Tucker v. Railroad, 124 N. Y. 308; Thompson v. Railroad, 145 N. Y. 200; Motel v. Trans. Co., 2 How. N. S. (N. Y.) 30; Railroad v. Murry, 62 Ill. 326; Henderson v. Rail-

road, 74 N. W. 525; Trudell v. Railroad, 85 N. W. 250; Givens v. Railroad, 72 S. W. 321; Hayes v. Norcross, 39 N. E. 282; Beach on Con. Neg. (2 Ed.), sec. 117, p. 150; 3 Elliott on Railroads, sec. 1172; Murray v. Railroad, 93 N. C. 92. (3) In appellant's brief it is claimed that even if deceased had been guilty of contributory negligence, yet if defendant's servants in charge of the train saw or might have seen his peril in time to have given the usual signals, and put the train under control, and thereby avoided his injury, then the case should have been submitted to the jury on this theory. In our opinion this contention is wholly without merit, and absolutely untenable for several reasons: 1. If the deceased were guilty of contributory negligence, then this was a complete defense, unless thereafter the servants of defendant were guilty of either wanton, willful or reckless conduct, and deceased was guilty of no such conduct. Moore v. Railroad, 176 Mo. 543; Holwerson v. Railroad, 157 Mo. 216; Davies v. Railroad, 159 Mo. 9. In the case at bar, there was no evidence offered either showing or tending to show that the engineer or fireman ever saw deceased at all, much less in peril. He was not on the tracks, but gave two or three jumps and lit into the locomotive after it had crossed Warren street and was partially over the sidewalk. There was not even a scintilla of evidence tending to show wanton, willful or reckless conduct upon the part of the engineer or fireman. The court below, therefore, properly sustained our demurrer to the evidence, as deceased was guilty of contributory negligence. Ries v. Railroad, 179 Mo. 7; Guyer v. Railroad, 174 Mo. 351; Van Bach v. Railroad, 171 Mo. 338; Hook v. Railroad, 162 Mo. 569; Peterson v. Railroad, 156 Mo. 552; Culbertson v. Railroad, 140 Mo. 64; Vogg v. Railroad, 138 Mo. 180; Huggart v. Railroad, 134 Mo. 673; Watson v. Railroad, 133 Mo. 251; Lane v. Railroad, 132 Mo. 4; Kelsay v. Railroad, 129 Mo. 362; Hayden v. Railroad, 124 Mo. 573; Boyd v. Railroad, 105 Mo. 371; Kellny v.

Railroad, 101 Mo. 74.  2.  Deceased saw the train, or, by the exercise of ordinary care, could have seen it, in time to have saved his own life.  Even, therefore, if the engineer and fireman were guilty of negligence in failing to ring the bell or sound the whistle, yet deceased was guilty of concurring negligence and plaintiffs cannot recover.  Watson v. Railroad, 133 Mo. 251; Peterson v. Railroad, 156 Mo. 552; Van Bach v. Railroad, 171 Mo. 346; Moore v. Railroad, 176 Mo. 544; Schafstette v. Railroad, 175 Mo. 151; Ries v. Railroad, 179 Mo. 7.

VALLIANT, J.—Plaintiffs are husband and wife. Their child, eight years old, was struck and killed by a locomotive engine drawing a passenger train on defendant's road at the crossing of Warren avenue in the city of Warrensburg.

The petition charges negligence on the part of defendant's servants in charge of the engine in this, that they failed to give a signal, by bell or whistle, of the approach of the train; that they saw or by the exercise of ordinary care would have seen the child in a position of danger in time to have avoided the accident, by the use of ordinary care, yet failed to do so.

The answer was a general denial, and three affirmative pleas, first, negligence on the part of those having charge of the boy in "permitting him to unnecessarily go over defendant's track at the time and place of the accident, well knowing that defendant's train was due to pass about that time;" second, negligence of the child himself in "undertaking to cross defendant's track while the train was in plain view and known by him to be approaching said crossing;" third, that the child knew that the train was coming and deliberately waited until it was within a short distance of him and then recklessly attempted to cross immediately in front of the engine.

Reply, general denial.

The evidence on the part of the plaintiff tended to show as follows:

Defendant's railroad runs east and west through Warrensburg, which is a city of the third class. Warren avenue crosses the railroad at right angle in a thickly populated part of the city. The passenger station and side track of defendant are just east of Warren avenue. The train in question, headed east, approached the Warren avenue crossing from the west, running fast; the child at the same time headed north approached the crossing from the south, running along the east sidewalk of Warren avenue. The engine and the child reached the point of crossing at the same instant, the child was struck by the cowcatcher or the pilot beam and was killed. The engine stopped 150 feet east of the crossing. The child and his brother, who was one year older, lived with their grandmother on Warren avenue south of the railroad. They went to school every day; their road to and from school was across this track; they were therefore familiar with the location. Their grandmother and their teacher had frequently warned them to be careful to look out for trains when they crossed the track. On this day the two brothers were going north along the east side of Warren avenue, starting from a point 270 feet south of the railroad. They were running—the elder in the lead—the elder got safely across, but barely escaped, while the younger was struck and killed. There was a freight train standing on a side track just east of the crossing "with steam on and puffing," and the attention of the boys was attracted to it as they ran along. The passenger train from the west approached the crossing at a swift speed, without giving any signal by bell or whistle; the last signal given was at a point a quarter of a mile west of Warren avenue. The situation was such that the engineer would have seen the boys if he had looked at any time while he was traversing a distance of 500 or 700 feet before

reaching the crossing, when they were from 130 to 150 feet from it, and they would have seen the locomotive, if they had looked when they and the locomotive were were within the same relative distances. There was no evidence tending to show that this child saw the train coming, but he would have seen it if he had taken the precaution to look in that direction; he was, therefore, guilty of negligence if a child of his maturity or lack of maturity is chargeable with negligence.

At the close of the plaintiffs' evidence the court instructed the jury to find for the defendant; from the judgment on the verdict rendered in conformity to that instruction, the plaintiffs appeal.

It is unnecessary to set out the testimony at more length or in more detail; what is above stated tends to show that defendant's servants in charge of the locomotive were guilty of negligence in failing to give the signal required by law, and it points to that negligence as the proximate cause of the accident; it also tends to show that the engineer seeing the children running into peril, aiming as if to cross in front of the train, could have averted the accident by stopping the train, or at least by sounding the whistle; it also tends to show conduct on the part of the deceased child that would have justified the court in giving the instruction given, on the theory of contributory negligence, if it had been the conduct of a person of mature years. This conduct on the part of the deceased child affects the plaintiffs' case, based as well on one of the charges of negligence specified in the petition as on the other, if it affects it at all. Running on or in dangerous proximity to the railroad track, without looking or without heeding, was an act which united with the negligence of the engineer to produce the result, and although, as a general rule, the engineer when he saw a person running towards the track had a right to presume that that person would use his eyes and see the train and stop to let it pass, yet if he could see from the size of the person approaching,

that it was a child too young to be counted on to exercise the required discretion he had no right to act on that presumption. The main question, therefore, in this case is, was this child of sufficient maturity to be held accountable for his imprudent act, as for contributory negligence?

A question of this kind is sometimes one of fact and sometimes one of law. If the facts are such that reasonable men cannot differ in opinion about them, it is a question of law for the court to decide, but if reasonable men might reach different conclusions on the facts, then it becomes a question which the court should submit to the jury. In this case the court took it to be a question of law and so decided it.

We have said that it is sometimes a question of fact and sometimes a question of law, and such is the form of expression frequently used by law-writers on this subject, and in a certain sense it is correct. Strictly speaking, however, the question of whether a child is old enough to be held responsible for his conduct as for contributory negligence, is always a question of fact appealing to common sense, rather than to the science of law for an answer. But when the evidence is all one way and such that there can be but one answer to the question the court should decide it without submitting it to the jury.

This case is, therefore, reduced to this question: was it so manifest that this child was of an age and attainments sufficient to understand and appreciate the consequences of his imprudence that there could be no two honest and reasonable opinions about it? If yea, the judgment was right, if nay, it was wrong:

There is little if any difference of opinion among law-writers on this subject, and not much difference in the forms of expression in stating opinions. In 7 Am. and Eng. Ency. Law (2 Ed.), 405, et seq., it is said:

"Thus what would be ordinary care for one person might be culpable negligence in another; and conduct

which on the part of a person of full age and average capacity would be held contributory negligence, as a matter of law, might be ordinary care in a child of tender years. Hence it follows that children so young as to be *non sui juris* cannot be guilty of contributory negligence. And children who have attained an age where they are not wholly irresponsible are not required to exercise the same care and prudence that would be demanded of an adult similarly situated, but only the care of a child of equal age and ordinary childish care and prudence. And even when a child has reached years of discretion, and become, as a matter of law, responsible for his conduct, no higher degree of care will be expected of him than is usually exercised by persons of similar age, judgment, and experience. . . . And conversely, a much higher grade of care and watchfulness must be exercised to avoid injuring children than would constitute ordinary care towards an adult; that is, what is ordinary care towards an adult of full capacity may be culpable negligence towards a child. As the standard of care thus varies with the age, capacity and experience of the child, it is usually, if not always, where the child is not wholly irresponsible, a question of fact for the jury whether a child exercised the ordinary care and prudence of a child similarly situated; and if such care was exercised, a recovery can be had for an injury negligently inflicted, no matter how far the care used by the child falls short of the standard which the law erects for determining what is ordinary care in a person of full age and capacity."

Beach on Contrib. Neg. (3 Ed.), sec. 117, says: "It is a question of capacity, and it has been found a very difficult question, and has been, in many courts, a very fruitful source of controversy, as to what age is sufficient to constitute an infant *sui juris*. Unless the child is exceedingly young it is usually left to the jury to determine the measure of care required of the particular

child in the actual circumstances of the case. Where there is no doubt as to the capacity of the child, at one extreme or the other, to avoid danger, the court will decide it as a matter of law. Thus, courts have held, as a matter of law, children of various ages from one year and five months to seven years *non sui juris.*" The author then goes on to discuss the subject of negligence of parents or of persons *in loco parentis* imputable to the infant, discussing Hartfield v. Roper, 21 Wend. 615, and cases that have followed it, holding that where the injury to the child is the result of the negligence of the defendant combined with that of the parents, the plaintiff cannot recover. One of the pleas of the defendant in this case is based on that theory.

1 Thompson on Neg., sec. 443, says: "The question whether, in a particular case, an injured child, not wholly irresponsible, exercises the care and caution usually looked for in other children of like age and capacity, is generally for the jury." Among the cases cited by that text-writer is Burger v. Railroad, 112 Mo. 238, which was the case of a boy nine years and ten months old, of whom it was said by this court: "It must be conceded that for a boy of his age plaintiff was shown to possess unusual capacity. . . . It may also be conceded that the act of plaintiff, when measured by the standard applied to an adult person of ordinary prudence, was a negligent act." Judge MACFARLANE, speaking in that case for the court, l. c. 249, said: "A boy may have all the knowledge of an adult respecting the dangers which will attend a particular act, but at the same time he may not have the prudence, thoughtfulness and discretion to avoid them, which are possessed by the ordinarily prudent adult person. Hence, the rule is believed to be recognized in all the courts of the country, that a child is not negligent if he exercises that degree of care which, under like circumstances, would reasonably be expected of one of his years and capacity. Whether he used such care in a

particular case, is a question for the jury. [Beach on Contributory Negligence, sec. 117; Eswin v. Railroad, 96 Mo. 290; O'Flaherty v. Railroad, 45 Mo. 70; Plumley v. Birge, 124 Mass. 57; Meibus v. Dodge, 38 Wis. 300; Railroad v. Young, 81 Ga. 397.]'' That is the doctrine of this court announced in many other decisions. [Spillane v. Railroad, 135 Mo. 414; Ruschenberg v. Railroad, 161 Mo. 70; Campbell v. Railroad, 175 Mo. 161.]

If the law is correctly stated in the quotations from the above-named text-writers and in our own decisions above cited on this subject, how can we say that the court was justified in refusing to submit this question to the jury? Is it not a question on which there might be an honest difference of opinion among reasonable men?

The learned counsel for respondent refers to the fact that this child had been going four years to school (if so he must have commenced at the age of four years, for he was only eight when the accident occurred), but can the court say with certainty, as a matter of law, that in those four years he had learned prudence? It is also argued that the child's grandmother and teacher had often warned him of the danger in crossing the railroad, therefore he was not ignorant of the danger. But as above quoted this court has said: "A boy may have all the knowledge of an adult respecting the dangers which will attend a particular act, but at the same time he may not have the prudence, thoughtfulness and discretion to avoid them." The argument for respondent on this point might even lead some minds to the opposite conclusion to which it has led the counsel for respondent; the teacher and the grandmother had better opportunity to know the boy and know his capacity than did the trial court, yet they seem to have apprehended that he did not have sufficiently mature judgment to avoid this very danger and they showed their anxiety for his safety by warning

him. If he had heeded the warning he would not have run into the danger, but do children always heed warnings? Or can we say with the certainty of law that when a child has been warned of a danger he is as to that danger like a person *sui juris*? One of the pleas of defendant is that the parents were negligent in allowing the child to go on the street across the track unattended. That plea looks both ways—if he was too young to be allowed to go out on the street by himself, he was not of sufficient maturity to be adjudged as a matter of law chargeable with contributory negligence —and if he was of sufficient maturity to be so adjudged, then his parents were not negligent in allowing him to go out on the street alone. It is, therefore, a proposition on which even the defendant's pleading suggests a doubt and invites a verdict on the fact.

Another one of defendant's arguments is that the child knew the train was coming, saw it, yet jumped right in front of it. In one of its pleas the defendant says the child saw the engine coming, purposely waited until it got close to him, and then recklessly ran in front of it. Much stress is laid on that argument in respondent's brief. But that also is liable to lead some minds to a conclusion the opposite to that for which it is advanced.

There is nothing to suggest a suspicion that the child wanted to commit suicide; if, therefore, as the learned counsel think, he saw the train coming, waited until it was close and then tried to beat it over the crossing, rushing headlong and heedlessly into imminent danger, his act was very suggestive of a lack of that prudence which we would expect to be shown by a person old enough to take care of himself.

If the evidence justifies the inference that the counsel for respondent draws, we could account for the act, if it were committed by a person of mature years and good sense, only on the ground of intentional suicide, but when committed by a child it suggests only a lack

of understanding of the danger or a lack of such prudence as comes only with years.

In what is above said we have not intended to express any opinion on the question of fact, but only to show that it is a question of fact about which there may reasonably be differences of opinion, and it is a question that ought to have been submitted to the jury. The court erred in giving a peremptory instruction to find for defendant.

The judgment is reversed and the cause remanded to be retried according to the law as herein expressed. *Brace, C. J.,* and *Gantt* and *Lamm, JJ.,* concur; *Marshall* and *Fox, JJ.,* dissent; *Burgess, J.,* not sitting.