JAMES L. BUTLER, by Next Friend, Respondent, v.
METROPOLITAN STREET RAILWAY COMPA-
NY, Appellant.

**Kansas City Court of Appeals, March 5, 1906.**

1. **EVIDENCE: Positive: Negative: Street Railway Signals.** So-
called negative evidence appears to be inherently valueless only
from a want of means of knowledge or lack of attention. Under
other conditions it cannot be objected as too unsubstantial to
offer forceful opposition to contradictory positive evidence.

2. ———: ———: ———: ———: **Jury.** *Held,* under the evidence
that the credibility, means of knowledge and attentiveness of
the witnesses testifying to giving of signals by the street car
approaching a boy on the track, were questions for the triers of
fact.

3. **STREET RAILWAYS: Duty to Give Signals: Proximate
Cause.** A motorman presumed to know of a boy's position of
peril on the track of a street railway and of his unconscious-
ness of his danger is required by the dictates of humanity as
well as the rules of law to give warning of the car's approach
where the failure to do so appears as the proximate cause of
the injury.

3. ———: **Contributory Negligence: Infant: Jury.** While to stop
on a street railway track in front of an approaching train with-
out looking is in the highest degree negligent for an adult, yet
the negligence of similar conduct on the part of a seven-year-
old boy with glass in his bare feet is a question of fact for the
jury and not of law for the court.

4. **DAMAGES: Personal Injury: Infant: Evidence: Medical Bill.**
A minor supported by his father cannot recover for his medi-
cal bill in an action for personal injuries; and evidence of such
facts is too remote to be used without the aid of surmise and
speculation in determining the extent of his injuries.

Appeal from Jackson Circuit Court.—*Hon. Andrew F.
Evans,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *Chas. A. Loomis* for appellant.

(1)    The court erred in refusing to give a peremptory instruction to find for the defendant. No duty on gripman to sound gong. McGauley v. Transit Co., 179 Mo. 591; Heinzle v. Railroad, 182 Mo. 559; Koenig v. Depot Co., 173 Mo. 725. No evidence that gripman failed to ring bell. Shaw v. Railroad, 104 Mo. 657; Sanders v. Electric Co., 147 Mo. 424. No evidence that failure to ring bell was the proximate cause of the injury. Molyneux v. Railroad, 81 Mo. App. 29-30; Heinzle v. Railway, 182 Mo. 555-59; Kelly v. Railroad, 75 Mo. 142; Hollman v. Railroad, 62 Mo. 563. Conceded contributory negligence. Hogan v. Railroad, 150 Mo. 36; Fanning v. Transit Co. 103 Mo. App. 151; McGauley v. Transit Co., 179 Mo. 583; Hite v. Railroad, 130 Mo. 140. (2)    The court admitted incompetent evidence in favor of the plaintiff over the objections of the defendant as to payment of physicians' bills by D. A. Butler, father of plaintiff. This evidence was incompetent and could not be used as corroborative of other evidence of D. A. Butler. Ritter v. Bank, 87 Mo. 575; Gorham v. Auerswald, 53 Mo. App. 134; Goble v. Kansas City, 148 Mo. 470; Coale v. Railroad, 60 Mo. 227; Brooks v. Blackwell, 76 Mo. 309.

*Amos Townsend* and *A. S. Lyman* for respondent.

Submitted argument.

JOHNSON, J.—Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. The trial resulted in a verdict and judgment for plaintiff in the sum of $1,850 and defendant appealed. The injury occurred at about four o'clock in the afternoon of June 24, 1901, on Twelfth street between Jefferson and Summit streets in Kansas City and was caused by one of defendant's cable trains westward

bound colliding with plaintiff. The petition charges two specific acts of negligence, one of which alone was submitted to the jury, i. e., that defendant negligently failed to give any warning of the approach of the train. The answer, in addition to a general denial, contained a plea of contributory negligence. Defendant earnestly insists that its request for an instruction in the nature of a demurrer to the evidence should not have been denied, for the reasons that, under the facts in evidence most favorable to plaintiff, no negligence of defendant, as alleged, was shown and that plaintiff must be held in law to have been guilty of contributory negligence.

From the evidence introduced by plaintiff, it appears that at the time of injury plaintiff, a boy seven years old, had stopped on his way home to look at pictures upon a billboard on the north side of Twelfth street a short distance west of Jefferson street. He then started south for the purpose of crossing the street and when he reached the south rail of defendant's track for westbound cars stopped for the purpose of picking a piece of glass from the sole of one of his feet (he was barefooted). While so engaged he was struck by a running train, knocked down and rolled over and over until the train was brought to a standstill. He could have seen the approaching train, but did not look; heard no bell or other warning given and was unaware of his danger. The distance of the front end of the grip car from plaintiff when he paused on the track is not accurately shown, but there is substantial evidence tending to show that it was at least sixty feet and the car was traveling at the rate of ten or twelve miles per hour. There was nothing to prevent the gripman from seeing plaintiff, but no effort was made to stop the car until after the collision, nor was the bell rung or other warning given before plaintiff was struck.

Defendant's witnesses testified that before the injury plaintiff was walking close behind a wagon that was moving eastward along the south side of Twelfth

street and was concealed by the wagon from the view of the gripman and others on the train; that the bell was being continuously sounded before the collision to give warning to the occupant of the approaching wagon; that plaintiff suddenly emerged from behind the wagon, which was near the track, and was immediately struck by the car. The gripman testified: "Q. What were you doing at the time the boy came out in front of the car? A. I was ringing the bell. I had just rung the bell. I seen the wagon on the track, you know, and I had just rung the bell there to notify them that the car was coming before I got any closer. I was in the habit of doing that when there was an obstruction near the track."

First, it is claimed by the defendant there is no substantial evidence that the bell was not being rung before the collision for the reason that the positive statement of the gripman and several of the passengers that such warning was being given is opposed only by the testimony of plaintiff's witnesses that they did not hear the bell and that such negative evidence is valueless under the rule stated in Shaw v. Railroad Co., 104 Mo. l. c. 657, and Sanders v. Railway, 147 Mo. l. c. 424.

One of plaintiff's witnesses, Mr. Riley, testified that he was standing at a place, from which it is apparent he could see and hear all that was occurring, and was closely observing the movements of the boy and the approach of the train. On direct examination he stated that the bell was not rung until after the boy was struck and on cross-examination said: "Q. You say the motorman was ringing his bell—did you hear the bell ring? A. After the boy had been hit he rung the bell. Q. After the boy had been hit? A. Yes, sir. Q. Wasn't he ringing the bell before the boy was hit? A. Not that I could hear Q. Were you paying attention? A. I was. Q. What were you paying attention to? A. I was looking at the motorman to see if he would stop." Another witness, who also was in position to

hear the bell if it had been sounded and whose attention was focused upon the boy and train, stated: "Q. Did the gripman on the car that struck the boy give any warning prior to the accident? The court: Warning of what? Counsel: Warning of the approach of the car. The court: Go ahead. A. No, sir."

It is hard to conceive of anything that could have been said that would have been a more definite and positive assertion of the fact that the bell was not rung. When a witness is in a situation and condition to hear a sound and, listening, hears none, his statement that he heard it not or that it was not made is as much the affirmation of the fact that there was no such sound as would be the assertion by another witness in like situation that the sound was made, an affirmation of that fact. It has been said that, as between two witnesses of equal credibility and means of knowledge, the testimony of the one who asserts that a certain thing occurred should be regarded as possessing greater weight than that of the other who says that it did not occur, although both derive their knowledge from similar operations of the same sense; but, even if this may be true, still it cannot be said that the testimony of the one affirming the negative is devoid of probative value or that it is not substantial evidence that raises an issue of fact for the determination of the jury. It is only where what may be termed the negative evidence appears to be inherently valueless, either from want of sufficient means of knowledge or from lack of attention to the occurrence, that it should be rejected by the court as too unsubstantial to offer any forceful opposition to contradictory positive evidence and this, we understand, is the extent of the rule followed in the Shaw and Sanders cases. [Cathcart v. Railway, 19 Mo. App. 113; Summerville v. Railway, 29 Mo. App. 48.]

Moreover, in the case before us, it cannot be assumed in law that the opposing witnesses stand upon an equal footing with respect, either to credibility, means

of knowledge, or attentiveness. The triers of fact well might have believed that plaintiff's witnesses, who were on the sidewalk near the place of injury and whose attention was monopolized by the peril of the boy while the train was bearing down upon him, were in a better condition to receive accurate impressions of the management of the train than defendant's witnesses, most of whom were unaware of his presence until immediately before the collision and, therefore, had nothing more than commonplace incidents to attract their notice to signals. In such situation, no logical reason can be given for characterizing, in law, as inferior in value testimony based upon negative knowledge. The evidence that the bell was not rung was substantial and presented an issue of fact. [Lockhart v. Railway, 89 Mo. App. 100; Hornstein v. Railway, 97 Mo. App. 271; Milligan v. Railroad, 79 Mo. App. 393; State ex rel. v. Railroad, 70 Mo. App. 634; Wigmore on Evidence, sec. 664.]

Defendant further says that it was under no duty to ring the bell and consequently cannot be held guilty of negligence in failing to perform an act not required of it in the discharge of its duty to others rightfully upon the public streets. On account of the limited scope of the negligence charged in the petition, the court excluded all evidence relating to inattention on the part of the gripman to the track ahead of him while the train was approaching the boy. Assuming that he was on the lookout, then, under the evidence of the plaintiff, he must have seen plaintiff in a position of peril and observed that he was unconscious of his danger when the train was sixty feet or more from the place of collision. Possessed of this knowledge, dictates of humanity, as well as rules of law, imposed upon him the duty of giving plaintiff the customary warning of his approach. And in the situation disclosed by plaintiff's witnesses, the failure to ring the bell stands out as a proximate cause of the injury, for it is a most reasonable inference

to say that, had the warning been given, plaintiff would have heard it in time to escape the threatening danger.

Finally, on this branch of the case, it is urged that the demurrer should have been given because plaintiff, in law on his own showing, was guilty of negligence that co-operated with that of defendant in producing the injury. Liability of defendant under what is known as the humanitarian rule has not been invoked by plaintiff, and defendant's contention must be upheld, should we find that, in law, plaintiff himself was guilty of negligence that concurred with that of defendant. Had plaintiff been a person of mature years, his negligence, that is, his failure to exercise reasonable care for his own safety, would be apparent. He approached and reached defendant's track and paused thereon without once looking to see if a car was coming. Such conduct in an adult would have been in the highest degree negligent. But plaintiff was a child seven years old and expected in law to exercise not the degree of care required of more mature persons, but that reasonably to be anticipated in an average child of his years. His conduct appears to us to have been very natural, considering his extreme youth, but, however this may be, its classification was a question of fact for the jury, not one of law for the court. [Anderson v. Railroad, 161 Mo. 411; Anderson v. Railroad, 81 Mo. App. 116; Thompson v. Railroad, 93 Mo. App. 548.]

The demurrer to the evidence was properly overruled.

Plaintiff's father was permitted to testify, over the objection of the defendant, that he paid the physician who treated plaintiff the sum of $125 for his services. The instruction given for plaintiff defining the measure of damages does not refer to this expenditure as an element of damage, but it is urged by defendant that the evidence was not admissible and was prejudicial, while plaintiff says that it was relevant because it had a tendency to show the extent and severity of the injuries.

Plaintiff being a minor and supported by his father as the law requires, incurred no liability for these services and for that reason could not recover on account of the liability for them incurred and paid by his father. Therefore, the fact adduced in this testimony bore no direct relation to any issue in the case, for it was immaterial to plaintiff's measure of damage whether the physician's services cost his father $125 or were donated to him. The evidentiary value of this fact to the issue of the extent of plaintiff's physical injuries is not apparent. There may be a remote relation between the two, but it is too remote for rational application and could only be used with the aid of surmise and speculation. The issue thus injected into the case was extrinsic to those made by the pleadings and should not have been admitted. The fact that the court by receiving the evidence in effect told the jury it was worthy of consideration necessitates the conclusion that it was not without influence upon the verdict and therefore, prejudicial to defendant. Nor can the error be cured by ordering a remittitur of the amount of the bill, for its vicious effect lies not so much in the possible inclusion of the specific item in the award of damages as in the likelihood that it materially increased the jury's estimate of the recoverable damages sustained by plaintiff. The whole verdict must be held to be pervaded by the error.

The judgment is reversed and the cause remanded.