Terry Wayne **TAYLOR**, a Minor, by His Mother and Next Friend Marjorie Cooper, Appellant,

v.

**KANSAS CITY**, Missouri, a Municipal Corporation, Respondent.

Nos. 23389, 23394.

Kansas City Court of Appeals.

Missouri.

Dec. 4, 1961.

Rehearing Denied Feb. 12, 1962.

Jack N. Bohm, Kansas City, for appellant.

Keith Wilson, Jr., City Counseler, Timothy D. O'Leary, Asst. City Counseler, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff, Terry Wayne Taylor, an infant, by his mother and next friend, sued defendant, Kansas City, Missouri, for damages suffered when he accidentally fell into a dry wading pool located in a city park immediately adjacent to the playground of a public school of which he was a pupil. The jury returned a verdict for plaintiff for $6,-000.00. The Court sustained defendant's motion, set aside the verdict, and entered judgment for defendant. Plaintiff has appealed.

The accident occurred on May 13, 1958, when plaintiff was seven years and nine months of age. He was then, and for sometime had been, a pupil at Karnes Public School in Kansas City. The playground of the school was in front of the building and, immediately adjacent, to the north, was a park, maintained by defendant. The two were separated by a curbing from two to seven inches high. Eighty feet from the school building and located in the park was a wading pool. It was oval in shape, 60 feet by 80 feet in size, and was three

feet eight inches in depth, with a concrete curb, several inches high, around it. The pool was of concrete and was dry. There was no barrier or fence around it.

At the time this accident occurred plaintiff was familiar with the playground and its close proximity to the park, together with the physical characteristics present. Pupils were expected not to appear at the school until 8:30 a. m. because supervisors were not available until then. However, on the morning in question, several boys, including plaintiff and his brother, were present at 8:15 a. m. and were playing ball. Plaintiff attempted to catch a high ball and, in doing so, walked backward to get under it, a distance of 19 feet. In doing so he stepped over the curb between the school ground and the park, and continued until he came into contact with the curbing around the dry wading pool. He fell backward, over the curb, and the back of his head struck the concrete bottom of the pool. He suffered a concussion of the brain and a skull fracture.

Plaintiff and other pupils habitually played on the school ground and spilled over into the park. They played ball in the area, and around the pool.

Defendant contends that it was not guilty of any negligence in maintaining the pool at the time, and under all of the facts and circumstances shown in evidence, and that there is no liability.

■ Municipalities are responsible for failure to exercise ordinary care to maintain public parks in a reasonably safe condition as to children attracted there. That is, the municipality is responsible for negligence. Doran et al. v. Kansas City, 241 Mo.App. 156, 237 S.W.2d 907, 913. In Capp v. City of St. Louis, 251 Mo. 345, 158 S.W. 616, 618, 46 L.R.A.,N.S., 731, a child was drowned in a deep pool in the bed of a stream flowing through Forest Park. Defendant knew that children played in the park, in the stream, and around the pool; and it took no steps to guard the pool or to eliminate its danger, which it could have done at a reasonable cost. It was held that the facts made a submissible case on negligence. In Barker v. East Side Building Corporation (Mo.App.), 344 S.W.2d 299, a child was injured while pushing a "merry-go-round", located on a playground, from underneath it. Defendant knew that, on one side of the device, children could and did get under it and pedal it with their feet. We held that a submissible case was made on negligence in its maintenance of the instrumentality in the absence of guards to prevent its use in the manner that plaintiff was using it.

■ In the case here considered, defendant maintained the pool in a public park, the southern edge of which virtually adjoined the playground of a public school attended by many small children. It knew, or could have known, that these children played on the school ground as well as in the park, and that they played ball in and around the pool. It should have known that a child might, in play, fall or run into the pool. The pool had no guard rail or barrier around it, which would not have been unduly expensive to install and which, no doubt, would have prevented an excited child, while playing ball or other childhood games, from inadvertently falling into the dry pool. Such a fall, as defendant might have well known, could cause dangerous injuries, such as was received by plaintiff in this case. Under the facts the jury could, as it did, find the city guilty of negligence. Capp v. City of St. Louis, (en banc), 251 Mo. 345, 158 S.W. 616, 618.

Defendant charges that plaintiff's verdict directing instruction, No. 1, is fatally erroneous. That instruction is as follows:

"The Court instructs the jury that if you find and believe from the evidence that on May 13, 1958, the defendant, City of Kansas City, Missouri, owned, operated and maintained a wading pool on Columbus Square Playground in Kansas City, Missouri, adjacent to and adjoining the Karnes School ground at

550 Charlotte Street in Kansas City, Missouri, and if you further find that the pool on said May 13, 1958, was empty, that is without water in it, and if you find that the defendant City did not maintain a guard, wall or fence around said pool on said date of May 13, 1958, and if you find that the failure of the defendant to maintain a guard, wall or fence around said pool constituted negligence on the part of the defendant as defined in other instructions, and if you further find that such negligence, if any, *caused or contributed to cause* the injuries suffered by the plaintiff, if you find he was injured, then your verdict will be for the plaintiff and against the defendant." (Emphasis ours.)

Defendant urges that it was error to include therein the italicized portion of the instruction, "or contributed to cause". In Marsh v. Heerlein, Mo., 299 S.W.2d 441, 445, such language appeared in a similar instruction which was considered by the Supreme Court. The Court pointed out that "no causal conduct of any third party entered into the circumstances of the collision shown in evidence". In the case here considered, there is no suggestion that any person or agency entered into the acts and circumstances that resulted in the casualty, other than plaintiff and defendant.

In this case, defendant offered, and the Court gave, instruction No. 5, which directed the jury's attention to facts which, if the jury so found, would constitute contributory negligence barring plaintiff's right to recover.

In such a situation, in the above cited case, the Court said:

"Nor was there a submission or evidence supporting a submission of any cause of the collision other than the evidence tending to show the causal negligence of defendant and plaintiff. Hence, the only cause which could have 'contributed' to cause the collision or injury, other than the negligence of defendant, was plaintiff's negligence; and, consequently, the inclusion of the clause 'or contributed to cause' rendered the Instruction No. 1 erroneous, misleading, and in direct conflict with defendant's Instruction No. 5, which latter instruction, as stated, submitted plaintiff's contributory negligence. Moon v. St. Louis Transit Co., 247 Mo. 227, 152 S.W. 303; Krehmeyer v. St. Louis Transit Co., 220 Mo. 639, 120 S.W. 78; Hof v. St. Louis Transit Co., 213 Mo. 445, 111 S.W. 1166."

■ Accordingly, we hold that the instruction is prejudicially erroneous.

The instruction is also criticised because it fails to negative defendant's contributory negligence, citing the Supreme Court holding in Moore v. Ready Mixed Concrete Company, Mo., 329 S.W.2d 14, 24.

However, the error discussed requires a reversal and remand, and it is unlikely that, in a new trial, the instruction will be offered in its present form. It is therefore, not necessary to discuss this latter contention.

■ There is no contention that the verdict is excessive and there appears no error in the trial except as to the instruction. For this reason the new trial, which must be ordered, should be limited to the issue of liability. Upon such retrial, if the verdict be for the plaintiff, the Court shall enter judgment for plaintiff in the sum of $6,000.00 against defendant. Hoffman v. The Kroger Company, Mo.App., 340 S.W. 2d 152, 155; Rule 83.13, V.A.M.R.

The judgment is reversed and the cause is remanded for a new trial on the issue of liability only.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.

## ON MOTION FOR REHEARING

### PER CURIAM.

Plaintiff, in his motion for rehearing, says that we did not explicitly rule whether, as a matter of law, he could be guilty of contributory negligence. If, as a matter of law, he could not have been guilty of contributory negligence, we would have been bound to so rule in our opinion; and we ruled that matter to be one for the jury.

 Whether a child has exercised ordinary care for his own safety in a given situation involves whether he had the capacity to do so. Unless he is exceedingly young, it is usually a question for the jury. Holmes v. Missouri Pacific Railway Company (In Banc), 190 Mo. 98, 88 S.W. 623, 624–625; Holmes v. Missouri Pacific Railway Company, 207 Mo. 149, 166, 105 S.W. 624; Doran v. Kansas City, 241 Mo.App. 156, 237 S.W.2d 907, 912. In Quirk v. Metropolitan Street Railway Company, 200 Mo. App. 585, 590, 210 S.W. 103, this court said in 1919 that a seven year old child, because of his tender years, was excused from concurring negligence. The authorities cited in support of that statement do not support it. Rather, the rule most widely followed in this country and supported by what we believe to be the better reasoned cases is that a seven year old boy may be guilty of contributory negligence, and that generally the question of his contributory negligence is a jury question. See, Hellstern v. Smelowitz, 17 N.J.Super. 366, 86 A.2d 265; Bush v. New Jersey & N. Y. Transit Co., 30 N. J. 345, 153 A.2d 28; Annotations, Contributory Negligence of Children, 174 A.L.R. 1128 and 107 A.L.R. 121; 2 Harper and James, The Law of Torts, Section 16.8, page 924 ff.; 1 Shearman and Redfield, on Negligence, (Rev.Ed.) Section 94, page 231; Prosser, Law of Torts, Section 31, page 128; Sweeney v. United States, D.C., 125 F.Supp. 864. And especially see, Butler v. Metropolitan St. Ry. Co., 117 Mo. App. 354, 93 S.W. 877(3); Hoagland v. Dunham, Mo.App., 186 S.W. 1145(6); Mul-lin v. St. Louis Transit Co., 196 Mo. 572, 94 S.W. 288 (6 year old child); Heinzle v. Metropolitan St. Ry. Co., 182 Mo. 528, 81 S.W. 848, 856 (5–6 year old child).

■ In this case, the question of plaintiff's contributory negligence was for the jury. The motion for rehearing is overruled.